IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, | CASE NO. _____ |
| Plaintiff, | (Removed from Circuit Court of Cook County, Illinois, Law Division; Case No. 2022L003536 |
| vs. | |
| KUHNLE BROTHERS, INC., et al., | JUDGE _____ |
| Defendants. | **DEFENDANTS KUHNLE BROTHERS, INC.'S NOTICE OF REMOVAL** |

Defendant Kuhnle Brothers, Inc. ("Defendant"), by and through counsel, and pursuant to 28 U.S.C. § 1332, 1441 and 1446, hereby gives notice of the removal of the above-referenced matter from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division.

1.    This is a personal injury and, more specifically, a wrongful death action. This action was filed in the Circuit Court of Cook County, Illinois on April 18, 2022, bearing Case No. 2022 L 003536.

2.    In the Complaint, Plaintiff Tomasz Wieczorek, as Independent Administrator of the Estate of Wieslaw Wieczorek, deceased, seeks damages for "serious injuries including blunt force head trauma that thereafter resulted in his death", "serious injuries of a personal and pecuniary nature, including but not limited to pain and suffering" and "of a personal, pecuniary, and non-pecuniary nature, including great loss of society and companionship" on behalf of the decedent's spouse and children. A copy of the Summons and Complaint is attached hereto as Exhibit A.

18132901 _2

3.     Plaintiff's allegations include economic damages, non-economic damages, punitive and loss of consortium damages, constitute an amount in controversy that clearly exceeds $75,000.00 exclusive of costs and interests.

4.     Upon information and belief, Plaintiff Tomasz Wieczorek and the decedent Wieslaw Wieczorek have been at all times relevant herein, residents and citizens of the state of Illinois.

5.     Defendant Kuhnle Brothers, Inc. is an Ohio corporation with its principal place of business in Newbury, Ohio. As such, Kuhnle Brothers, Inc. is a citizen of the state of Ohio. Kuhnle Brothers, Inc. is not registered as a foreign corporation in the State of Illinois.

6.     Defendant Percy Transportation, Inc. (hereinafter, "Percy") is an Illinois corporation. *See* Compl., ¶ 2.

7.     Percy has been fraudulently joined as a defendant in this action as there is no possibility that Plaintiff could state a cause of action against Percy.

8.     The "fraudulent joinder" doctrine permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

9.     Fraudulent joinder may be found where the court finds that there is "no reasonable possibility" that Plaintiff could state a cause of action against the nondiverse party in an Illinois court. *See, e.g.*, *Dolin v. Smithkline Beecham Corp.*, No. 12 C 6403, 2013 WL 120279, at *1 (N.D. Ill. Jan. 9, 2013); *Kavalir v. Medtronic*, No. 07 C 0835, 2007 WL 1225358, at *3 (N.D. Ill. Apr. 19, 2007); *Jacobson v. Ford Motor Co.*, No. 98 C 742, 1999 WL 966432, at *4 (N.D. Ill. Sept. 30, 1999).

18132901 _2

10.     In this action, Plaintiff has attempted to plead negligence on the part of Defendant Percy for allegedly failing to provide appropriate "high visibility" clothing to the drivers of its tractor-trailers, including the decedent, to wear and/or use at truck stops and fuel stations. *See* Compl., at Count III, ¶ 6.

11.     Plaintiff specifically pleads that the decedent was "not an employee of Defendant, Percy." Rather, Plaintiff states only that decedent was "driving a tractor-trailer owned by" Percy. *Id.*, ¶¶ 2-3.

12.     Among other factual issues, Plaintiff has failed to provide any basis that Percy was responsible for providing such clothing.

13.     There are no federal regulations or statutes that require the owner of a commercial vehicle to provide clothing of any kind to a driver of its vehicle.

14.     Moreover, the complaint fails to plead that the decedent was inside Percy's tractor-trailer. In fact, Plaintiff alleges that at the time of the incident, decedent was in a truck stop parking lot as a pedestrian. *See* Compl., Count I, ¶ 3.

15.     By specifically pleading that decedent was not an employee of Percy, Plaintiff relieved Percy of the duties of an employer.

16.     One of the indicia Courts use to determine whether a worker is an independent contractor as opposed to an employee is whether the worker provides his own equipment. *See, e.g., Wenholdt v. Indus. Comm'n*, 95 Ill. 2d 76, 80 (1983) (claimant who provided his own equipment was found to be an independent contractor).

17.     Because Plaintiff has pled that he was not an employee of Percy and has pled no other information or facts which suggest that specific duties were owed to him by Percy, Plaintiff cannot establish that Percy owed him a duty to provide high-visibility clothing. Without said duty,

18132901_2

Plaintiff has "no reasonable possibility of prevailing" in his claims against Percy. *Dolin v. Smithkline Beecham Corp.*, No. 12 C 6403 2013 WL 120279, at *1 (N.D. Ill. Jan. 9, 2013).

18.     Plaintiff has fraudulently joined Defendant Percy for the sole purpose of defeating diversity jurisdiction, justifying removal based on complete diversity jurisdiction.

19.     Since Plaintiff is a citizen of Illinois, Defendant Kuhnle Brothers Inc. is a citizen of Ohio, and Defendant Percy has been fraudulently joined as a party to this action, there exists complete diversity of citizenship between Plaintiff and Defendant Kuhnle Brothers Inc; and, therefore, this action may be removed from state court to Federal Court pursuant to 28 U.S.C. §§ 1332 and 1441.

20.     Defendant has attached hereto a copy of all process, pleadings and orders on file in said state proceeding and a copy of the Notice of Filing Notice of Removal which Defendant will serve upon Plaintiff promptly after filing of this Notice of Removal, pursuant to U.S.C. §1446(a). *See* Exhibit A.

21.     Defendant will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, immediately after filing hereof.

22.     No further proceedings have commenced in this action in the Circuit Court of Cook County, Illinois.

Respectfully submitted,

_Marc H. Kallish_

_____
Marc H. Kallish (#6231021)
Andrew C. Clott (#6326728)
ROETZEL & ANDRESS, LPA

4

18132901 _2

30 N. LaSalle Street, Suite 2800
Chicago, IL 60602
Tel: 312.580.1200
Fax: 312.580.1201
mkallish@ralaw.com
aclott@ralaw.com

*Attorneys for Defendant Kuhnle Brothers,
Inc.*

18132901 _2

## **PROOF OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served upon the

following parties *via* email on May 3, 2022:

Jack J. Casciato, Esq.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
jjc@cliffordlaw.com

*ATTORNEY FOR PLAINTIFF*

_/s/ *Marc H. Kallish*_____
Marc H. Kallish
Andrew C. Clott

18132901 _2