# EXHIBIT A

FILED DATE: 4/18/2022 2:46 PM  2022L003536

FILED
4/18/2022 2:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003536
Calendar, A
17537624

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **TOMASZ WIECZOREK,** as Independent Administrator of the Estate of **WIESLAW WIECZOREK**, deceased<br><br>Plaintiff,<br><br>v.<br><br>**KUHNLE BROTHERS, INC.,** a corporation, and **PERCY TRANSPORTATION, INC.,** a corporation<br><br>Defendants | No.<br><br>**Plaintiff demands trial by jury** |

## COMPLAINT AT LAW

NOW COMES, Plaintiff, TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, through his attorneys, CLIFFORD LAW OFFICES, P.C, and complains against Defendants KUHNLE BROTHERS, INC. ("KUHNLE") and PERCY TRANSPORTATION, INC. ("PERCY") as follows:

### DEFENDANTS

1. Defendant, KUHNLE, is a motor carrier based in the State of Ohio that operates in 49 states and Canada hauling various trailers, including but not limited to, rubber lined trailers, steel MC-307 and MC-407 liquid transport trailers, food grade trailers, and composite-chemical trailers. Defendant, KUHNLE, maintains a fleet of over 150 power units and more than 600 trailers. Defendant, KUHNLE, has three terminals located in Newbury, OH, Mansfield, OH, and Lakeville, NY. Defendant, KUHNLE, also performs substantial and continuous business in the State of Illinois.

1

2. Defendant, PERCY, is a motor carrier headquartered in the State of Illinois that operates in numerous states including but not limited to Wisconsin, Illinois, Indiana, Ohio, Missouri, Arkansas, and Florida.

## COUNTS

### COUNT I: WRONGFUL DEATH ACT: NEGLIGENCE: KUHNLE BROTHERS, INC.

1. On December 14, 2021, Defendant, KUHNLE, was a motor carrier based in the State of Ohio that operated power units or tractors in 49 states and Canada hauling various trailers, including but not limited to, rubber lined trailers, steel MC-307 and MC-407 liquid transport trailers, food grade trailers, and composite-chemical trailers.

2. At all times on December 14, 2021, BRADLEY STROMYER, was an employee and/or agent of Defendant, KUHNLE.

3. On December 14, 2021, and at all relevant times, BRADLEY STROMYER, was driving, operating, controlling, and/or maintaining a truck through a Love's stop in Trumbull, OH when he struck and ran over decedent, WIESLAW WIECZOREK, a pedestrian, who was in plain view in an open area of the Love's lot.

4. At the time of striking and running over decedent, BRADLEY STROMYER, was working within the scope of his employment as an employee and truck driver for Defendant, KUHNLE.

5. At all relevant times, decedent, WIESLAW WIECZOREK, was a lawful pedestrian in plain view when the truck operated by driver, BRADLEY STROMYER, struck and ran him over.

6. At all times on December 14, 2021, Defendant, KUHNLE, through its employee, and/or agent, BRADLEY STROMYER, owed duties to exercise reasonable care when driving,

2

operating, controlling, and/or maintaining a truck, including but not limited to, duties to refrain from distracted driving, duties to drive at a reasonable speed, and duties to refrain from striking pedestrians.

7. On December 14, 2021, and at all relevant times, Defendant, KUHNLE, through its employee and/or agent, BRADLEY STROMYER, was negligent and failed to exercise reasonable care in one or more of the following manners:

a. Operated the tractor and trailer without keeping a proper and sufficient lookout for pedestrians;

b. Failed to operate the tractor and trailer in a controlled manner;

c. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and use of the area, or which endangered the safety of persons, including decedent;

d. Failed to exercise due care to avoid colliding with pedestrians;

e. Failed to refrain from distracting himself while driving said vehicle;

f. Failed to observe pedestrians in the roadway and take proper evasive measures;

g. Failed to adhere to safety rules, safety regulations, safety prohibitions, and policies and procedures of KUHNLE which apply to the safe operation of drivers operating tractors, accident prevention, defensive driving, and accident avoidance;

h. Failed to avoid striking a pedestrian;

i. Failed to yield the right-of-way of a pedestrian;

j. Was otherwise careless and negligent.

8. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, KUHNLE, through its employee and/or agent, BRADLEY STROMYER, decedent, WIESLAW WIECZOREK, sustained serious injuries including blunt force head trauma that thereafter resulted in his death.

9. At the time of decedent's death, WIESLAW WIECZOREK, left surviving a wife, Romualda Sojka, a son, Tomasz Wieczorek, and daughters, Monika Moskal, Ewa Wieczorek, and Wiktoria Wieczorek, who have and will continue to suffer damages of a personal, pecuniary, and non-pecuniary nature, including great loss of society and companionship of decedent, WIESLAW WIECZOREK.

10. Plaintiff, TOMASZ WIECZOREK, has been duly appointed Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, and brings this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et. seq.

WHEREFORE, Plaintiff, TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, prays for judgment against Defendant, KUHNLE BROTHERS, INC. in an amount in excess of Fifty-Thousand Dollars ($50,000.00) and for costs of this litigation.

**COUNT II: SURVIVAL ACT: NEGLIGENCE: KUHNLE BROTHERS, INC.**

1. Plaintiff re-alleges Paragraphs 1-8 of Count I for Paragraph 1 of Count II.

2. As a direct and proximate cause of one or more of the aforementioned careless negligent acts and/or omissions of Defendant, the Plaintiff's decedent, WIESLAW WIECZOREK, suffered serious injuries of a personal and pecuniary nature, including but not limited to pain and suffering, and would have been entitled to recover for these damages had he not died from Defendant's conduct.

3. Plaintiff, TOMASZ WIECZOREK, has been duly appointed Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, and brings this action pursuant to the Survival Act at 755 ILCS 5/27-6.

4

FILED DATE: 4/18/2022 2:46 PM 2022L003536

WHEREFORE, Plaintiff, TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, prays for judgment against Defendant, KUHNLE BROTHERS, INC., in an amount in excess of Fifty-Thousand Dollars ($50,000.00) and for costs of this litigation.

### COUNT III: WRONGFUL DEATH ACT: NEGLIGENCE: PERCY TRANSPORTATION, INC.

1. On December 14, 2021, Defendant, PERCY, was a motor carrier headquartered in the State of Illinois that operated in numerous states including but not limited to Wisconsin, Illinois, Indiana, Ohio, Missouri, Arkansas, and Florida.

2. On December 14, 2021, decedent, WIESLAW WIECZOREK, was not an employee of Defendant, PERCY.

3. On December 14, 2021, decedent, WIESLAW WIECZOREK, was driving a tractor-trailer owned by Defendant, PERCY, in part in furtherance of the business of Defendant, PERCY.

4. On December 14, 2021, decedent, WIESLAW WIECZOREK, was struck and killed by a tractor driven by BRADLEY STROMYER, an employee and/or agent of Defendant, KUHNLE, who was working within the scope of his employment as an employee of Defendant, KUHNLE, when he struck decedent.

5. At all relevant times before and on December 14, 2021, Defendant, PERCY, owed duties to exercise reasonable care to provide drivers including decedent, WIESLAW WIECZOREK, with appropriate high visibility clothing and training at truck stops and fuel stations.

5

FILED DATE: 4/18/2022 2:46 PM  2022L003536

6. On December 14, 2021, and at all relevant times, Defendant, PERCY, through its agents and/or employees, was negligent and failed to exercise reasonable care in one or more of the following manners:

a. Failed to provide drivers like decedent with appropriate high visibility clothing;

b. Failed to provide truck drivers with a Class 2 or Class 3 safety vests to alert of their presence;

c. Was otherwise careless and negligent.

7. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, PERCY, through its agents and/or employees, decedent, WIESLAW WIECZOREK, sustained serious injuries including blunt force head trauma that thereafter resulted in his death.

8. At the time of decedent's death, WIESLAW WIECZOREK, left surviving a wife, Romualda Sojka, a son, Tomasz Wieczorek, and daughters, Monika Moskal, Ewa Wieczorek, and Wiktoria Wieczorek, who have and will continue to suffer damages of a personal, pecuniary, and non-pecuniary nature, including great loss of society and companionship of decedent, WIESLAW WIECZOREK.

9. Plaintiff, TOMASZ WIECZOREK, has been duly appointed Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, and brings this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et. seq.

WHEREFORE, Plaintiff, TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, prays for judgment against Defendant, PERCY TRANSPORTATION, INC., in an amount in excess of Fifty-Thousand Dollars ($50,000.00) and for costs of this litigation.

FILED DATE: 4/18/2022 2:46 PM  2022L003536

## **COUNT IV: SURVIVAL ACT: NEGLIGENCE: PERCY TRANSPORTATION, INC.**

1. Plaintiff re-alleges Paragraphs 1-7 of Count I for Paragraph 1 of Count IV.

2. As a direct and proximate cause of one or more of the aforementioned careless negligent acts and/or omissions of Defendant, the Plaintiff's decedent, WIESLAW WIECZOREK, suffered serious injuries of a personal and pecuniary nature, including but not limited to pain and suffering, and would have been entitled to recover for these damages had he not died from Defendant's conduct.

3. Plaintiff, TOMASZ WIECZOREK, has been duly appointed Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, and brings this action pursuant to the Survival Act at 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased, prays for judgment against Defendant, PERCY TRANSPORTATION, INC., in an amount in excess of Fifty-Thousand Dollars ($50,000.00) and for costs of this litigation.

Respectfully submitted,

*/s/ Jack J. Casciato*
One of the Attorneys for Plaintiff

Jack J. Casciato
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 – fax
jjc@cliffordlaw.com

<div style="text-align:center">

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – LAW DIVISION

</div>

| | |
|---|---|
| TOMASZ WIECZOREK, as Independent Administrator of the Estate of WIESLAW WIECZOREK, deceased,<br><br>            Plaintiff,<br>vs.<br><br>KUHNLE BROTHERS, INC., a corporation, and PERCY TRANSPORTATION, INC., a corporation,<br><br>            Defendants. | CASE NO. 2022 L 003536<br><br>JUDGE JAMES N. O'HARA<br><br>CALENDAR A<br><br>**<u>NOTICE OF FILING OF</u>**<br>**<u>NOTICE OF REMOVAL</u>** |

Please take notice that Defendant, KUHNLE BROTHERS, INC., by and through undersigned counsel, has on this 3rd day of May, 2022, filed its Notice of Removal to Federal Court, a copy of which is appended hereto, in the office of the Clerk in the United States District Court, for the Northern District of Illinois, Eastern Division. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, these proceedings are to be removed to the United States District Court for the United States District Court, for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(D), the state court shall proceed no further unless and until the case is remanded by the United States District Court. A copy of said Notice of Removal is attached hereto.

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Marc H. Gallish*

</div>

18225923_1

                                                Marc H. Kallish (#6231021)
                                                Andrew C. Clott (#6326728)
                                                ROETZEL & ANDRESS, LPA
                                                30 N. LaSalle Street, Suite 2800
                                                Chicago, IL 60602
                                                Tel: 312.580.1200
                                                Fax: 312.580.1201
                                                mkallish@ralaw.com
                                                aclott@ralaw.com

                                                *Attorneys for Defendant Kuhnle Brothers, Inc.*

## PROOF OF SERVICE

I hereby certify that on this _____ day of _____, 2022, the foregoing was electronically filed with the Court:

Jack J. Casciato, Esq.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
jjc@cliffordlaw.com

*ATTORNEY FOR PLAINTIFF*

                                                /s/ *Marc H. Kallish*
                                                Marc H. Kallish
                                                Andrew C. Clott

                                                *Attorney for Defendant Kuhnle Brothers, Inc.*

18225923 _1